**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER MCMURRAY, *for herself and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>BREAKING GROUND HOUSING DEVELOPMENT FUND CORPORATION, a/k/a COMMON GROUND COMMUNITY HOUSING DEVELOPMENT FUND CORPORATION, INC.,<br><br>Defendant. | Civil Action No. 1:16-CV-6466<br><br><br>**DEFENDANT BREAKING GROUND'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Breaking Ground Housing Development Fund Corporation, a/k/a Common Ground Community Housing Development Fund Corporation, Inc., (hereinafter "Breaking Ground" or "Defendant"), by and through its undersigned attorneys, answers the Complaint of Plaintiff as follows:

**AS TO "NATURE OF THE ACTION"**

1.     Defendant denies the allegations set forth in Paragraph "1" of Plaintiff's Complaint, except admits that Plaintiff was terminated and her Complaint seeks damages and alleges claims pursuant to § 1981 of the Civil Rights Act of 1866 ("Section 1981") and the New York City Human Rights Law ("NYCHRL").

2.     Defendant denies the allegations set forth in Paragraph "2" of Plaintiff's Complaint, except admits that Plaintiff's Complaint seeks damages and costs under the NYCHRL.

3.      Defendant denies the allegations set forth in Paragraph "3" of Plaintiff's Complaint, except admits that Plaintiff's Complaint seeks damages and costs under the NYCHRL.

4.      Defendant denies the allegations set forth in Paragraph "4" of Plaintiff's Complaint, except admits that Plaintiff's Complaint seeks damages and costs under the Employee Retirement Income Security Act ("ERISA").

5.      Defendant denies the allegations set forth in Paragraph "5" of Plaintiff's Complaint, except admits that Plaintiff's Complaint seeks damages and costs under New York State common law.

6.      Defendant denies the allegations set forth in Paragraph "6" of Plaintiff's Complaint, except admits that Plaintiff's Complaint seeks damages and costs under New York State common law.

### AS TO "JURISDICTION AND VENUE"

7.      Defendant denies the allegations set forth in Paragraph "7" of Plaintiff's Complaint, except avers that Plaintiff alleges that "[p]ursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims."

8.      The allegations set forth in Paragraph "8" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that Plaintiff alleges that "[p]ursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYCHRL and common law."

9.      The allegations set forth in Paragraph "9" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that Plaintiff alleges that "[p]ursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York.

## AS TO "TRIAL BY JURY"

10.     The allegations set forth in Paragraph "10" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that Plaintiff requests a jury trial.

## AS TO "PARTIES"

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "11" of the Complaint, except avers that its personnel records reflect that Plaintiff resided in New York County in the State of New York.

12.     Defendant admits the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

## AS TO "STATEMENT OF FACTS"

13.      Defendant admits the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14.     Defendant admits the allegations set forth in Paragraph "14" of Plaintiff's Complaint.

15.     Defendant denies the allegations set forth in Paragraph "15" of Plaintiff's Complaint.

16.     Defendant denies the allegations set forth in Paragraph "16" of Plaintiff's Complaint.

17.     Defendant admits the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18.     Defendant denies the allegations set forth in Paragraph "18" of Plaintiff's Complaint, and avers that the Finance Department moved from the 15th to the 5th floor in or about February/March 2102.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "19" of the Complaint.

20.     Defendant admits the allegations set forth in Paragraph "20" of Plaintiff's Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendant admits the allegations set forth in Paragraph "22" of Plaintiff's Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of Plaintiff's Complaint, except avers that Plaintiff reported to Jean Smith-Gilmore.

24.     Defendant admits the allegations set forth in Paragraph "24" of Plaintiff's Complaint.

25.     Defendant admits the allegations set forth in Paragraph "25" of Plaintiff's Complaint.

26.     Defendant denies the allegations set forth in Paragraph "26" of Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendant denies the allegations set forth in Paragraph "29" of Plaintiff's Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31.     Defendant denies the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32.     Defendant denies the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33.     Defendant denies the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34.     Defendant denies the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36.     Defendant denies the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

37.     Defendant denies the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38.     Defendant denies the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39.     Defendant denies the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40.     Defendant denies the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42.     Defendant denies the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43.     Defendant denies the allegations set forth in Paragraph "43" of Plaintiff's Complaint.

44.     Defendant denies the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45.     Defendant denies the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47.     Defendant denies the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

48.     Defendant denies the allegations set forth in Paragraph "48" of Plaintiff's Complaint.

49.     Defendant denies the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50.     Defendant denies the allegations set forth in Paragraph "50" of Plaintiff's Complaint, except avers that Plaintiff requested Breaking Ground deduct portions of her wages for her retirement, Flexible Spending, dependent care and transit accounts.

51.     Defendant denies the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52.     Defendant denies the allegations set forth in Paragraph "52" of Plaintiff's Complaint, and avers that Plaintiff advised Defendant about errors in deductions, all of which have been corrected.

53.     Defendant denies the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54.     Defendant denies the allegations set forth in Paragraph "54" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to communications between Plaintiff and Principal Financial Group as set forth in Paragraph "54" of Plaintiff's Complaint.

55.     Defendant denies the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56.     Defendant denies the allegations set forth in Paragraph "56" of Plaintiff's Complaint.

57.     Defendant denies the allegations set forth in Paragraph "57" of Plaintiff's Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

58.     Defendant denies the allegations set forth in Paragraph "58 (a)" through Paragraph "58 (d)" of Plaintiff's Complaint, except avers that Plaintiff purports to bring her claims pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") Rule 23.

59.     Defendant denies the allegations set forth in Paragraph "59" of Plaintiff's Complaint.

60.     Defendant denies the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61.     Defendant denies the allegations set forth in Paragraph "61" of Plaintiff's Complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "62" of Plaintiff's Complaint.

63.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "63" of Plaintiff's Complaint.

64.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

65.     Defendant denies the allegations set forth in Paragraph "65 (a)" through Paragraph "65 (f)" of Plaintiff's Complaint.

66.     Defendant denies the allegations set forth in Paragraph "66" of Plaintiff's Complaint.

67.     Defendant denies the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

68.     Defendant denies the allegations set forth in Paragraph "68" of Plaintiff's Complaint.

69.     Defendant denies the allegations set forth in Paragraph "69" of Plaintiff's Complaint.

70.     Defendant denies the allegations set forth in Paragraph "70" of Plaintiff's Complaint.

71.     Defendant denies the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

## AS TO "CAUSES OF ACTION"

## AS TO "FIRST CAUSE OF ACTION
Hostile Work Environment in Violation of § 1981"

72.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "71" of Plaintiff's Complaint, as if set forth at length herein.

73.     The allegations set forth in Paragraph "73" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "73" of Plaintiff's Complaint.

74.     Defendant denies the allegations set forth in Paragraph "74" of Plaintiff's Complaint.

75.     Defendant denies the allegations set forth in Paragraph "75" of Plaintiff's Complaint.

76.     Defendant denies the allegations set forth in Paragraph "76" of Plaintiff's Complaint.

## AS TO "SECOND CAUSE OF ACTION
Unlawful Termination in Violation of § 1981"

77.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "76" of Plaintiff's Complaint, as if set forth at length herein.

78.     The allegations set forth in Paragraph "78" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "78" of Plaintiff's Complaint.

79.     Defendant denies the allegations set forth in Paragraph "79" of Plaintiff's Complaint.

80.     Defendant denies the allegations set forth in Paragraph "80" of Plaintiff's Complaint.

81.     Defendant denies the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

## AS TO "THIRD CAUSE OF ACTION
### Retaliation in Violation of § 1981"

82.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "81" of Plaintiff's Complaint, as if set forth at length herein.

83.     The allegations set forth in Paragraph "83" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "83" of Plaintiff's Complaint.

84.     Defendant denies the allegations set forth in Paragraph "84" of Plaintiff's Complaint.

85.     Defendant denies the allegations set forth in Paragraph "85" of Plaintiff's Complaint.

86.     Defendant denies the allegations set forth in Paragraph "86" of Plaintiff's Complaint.

87.     Defendant denies the allegations set forth in Paragraph "87" of Plaintiff's Complaint.

## AS TO "FOURTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL"

88.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "87" of Plaintiff's Complaint, as if set forth at length herein.

89.     The allegations set forth in Paragraph "89" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "89" of Plaintiff's Complaint.

90.     Defendant denies the allegations set forth in Paragraph "90" of Plaintiff's Complaint.

91.     Defendant denies the allegations set forth in Paragraph "91" of Plaintiff's Complaint.

92.     Defendant denies the allegations set forth in Paragraph "92" of Plaintiff's Complaint.

## AS TO "FIFTH CAUSE OF ACTION
## Unlawful Termination in Violation of the NYCHRL"

93.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "92" of Plaintiff's Complaint, as if set forth at length herein.

94.     The allegations set forth in Paragraph "94" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "94" of Plaintiff's Complaint.

95.     Defendant denies the allegations set forth in Paragraph "95" of Plaintiff's Complaint.

96.     Defendant denies the allegations set forth in Paragraph "96" of Plaintiff's Complaint.

97.     Defendant denies the allegations set forth in Paragraph "97" of Plaintiff's Complaint.

## AS TO "SIXTH CAUSE OF ACTION
## Failure to Provide a Reasonable Accommodation in Violation of the NYCHRL"

98.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "97" of Plaintiff's Complaint, as if set forth at length herein.

99.     The allegations set forth in Paragraph "99" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "99" of Plaintiff's Complaint.

100.    Defendant denies the allegations set forth in Paragraph "100" of Plaintiff's Complaint.

101.    Defendant denies the allegations set forth in Paragraph "101" of Plaintiff's Complaint.

102.    Defendant denies the allegations set forth in Paragraph "102" of Plaintiff's Complaint.

## AS TO "SEVENTH CAUSE OF ACTION
## Retaliation in Violation of the NYCHRL"

103.    Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "102" of Plaintiff's Complaint, as if set forth at length herein.

104.    The allegations set forth in Paragraph "104" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "104" of Plaintiff's Complaint.

105.    Defendant denies the allegations set forth in Paragraph "105" of Plaintiff's Complaint.

106.    Defendant denies the allegations set forth in Paragraph "106" of Plaintiff's Complaint.

107.     Defendant denies the allegations set forth in Paragraph "107" of Plaintiff's Complaint.

108.     Defendant denies the allegations set forth in Paragraph "108" of Plaintiff's Complaint.

## AS TO "EIGHTH CAUSE OF ACTION
## Prohibited Transactions of Plan Assets, in Violation of ERISA, 29 U.S.C. § 1106"

109.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "108" of Plaintiff's Complaint, as if set forth at length herein.

110.     The allegations set forth in Paragraph "110" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "110" of Plaintiff's Complaint, except Defendant avers errors in handling plan assets, if any, have already been corrected.

111.     Defendant denies the allegations set forth in Paragraph "111" of Plaintiff's Complaint, except to aver that it was Plaintiff's employer until she was terminated.

112.     The allegations set forth in Paragraph "112" of Plaintiff's Complaint state conclusions of law to which no response is required. Additionally, Paragraph "112" of Plaintiff's Complaint makes reference to multiple benefits plans without alleging any particular authority or control that Defendant has with respect to a specific plan, nor any particular activity asserted to constitute the exercise of discretionary authority or control. Accordingly, to the extent a response is required, Defendant denies the allegations set forth in Paragraph "112" of Plaintiff's Complaint.

113.     The allegations set forth in Paragraph "113" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required,

Defendant denies the allegations set forth in Paragraph "113" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

114. The allegations set forth in Paragraph "114" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "114" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

115. The allegations set forth in Paragraph "115" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "115" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

116. The allegations set forth in Paragraph "116" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "116" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

117. The allegations set forth in Paragraph "117" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "117" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

118. The allegations set forth in Paragraph "118" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "118" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

119. The allegations set forth in Paragraph "119" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "119" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

120. Defendant denies the allegations set forth in Paragraph "120" of Plaintiff's Complaint.

121. Defendant denies the allegations set forth in Paragraph "121" of Plaintiff's Complaint.

## AS TO "NINTH CAUSE OF ACTION
## Breach of Fiduciary Duty, in Violation of ERISA, 29 U.S.C. § 1104"

122. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "121" of Plaintiff's Complaint, as if set forth at length herein.

123. The allegations set forth in Paragraph "123" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "123" of Plaintiff's Complaint, except Defendant avers that errors, if any, associated with Plaintiff's participation in various benefits programs have been corrected.

124.    The allegations set forth in Paragraph "124" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "124" of Plaintiff's Complaint, except to aver that it functions in various capacities (which may include a fiduciary capacity) with respect to various plans at various times.

125.    Defendant denies the allegations set forth in Paragraph "125" of Plaintiff's Complaint, except to aver that it was Plaintiff's employer until she was terminated.

126.    The allegations set forth in Paragraph "126" of Plaintiff's Complaint state conclusions of law to which no response is required. Additionally, Paragraph "126" makes reference to multiple benefits plans without alleging any particular authority or control that Defendant has with respect to a specific plan, nor any particular activity asserted to constitute the exercise of discretionary authority or control. Accordingly, to the extent a response is required, Defendant denies the allegations set forth in Paragraph "126" of Plaintiff's Complaint.

127.    The allegations set forth in Paragraph "127" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "127" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

128.    The allegations set forth in Paragraph "128" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "128" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

129. The allegations set forth in Paragraph "129" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "129" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

130. The allegations set forth in Paragraph "130" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "130" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

131. The allegations set forth in Paragraph "131" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "131" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

132. The allegations set forth in Paragraph "132" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "132" of Plaintiff's Complaint, except to admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

133. The allegations set forth in Paragraph "133" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "133" of Plaintiff's Complaint, except to

admit that the terms of the referenced plans are described in their respective plan documents, which are the best evidence of their contents.

134.     Defendant denies the allegations set forth in Paragraph "134" of Plaintiff's Complaint.

135.     Defendant denies the allegations set forth in Paragraph "135" of Plaintiff's Complaint.

## AS TO "TENTH CAUSE OF ACTION
### Conversion"

136.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "135" of Plaintiff's Complaint, as if set forth at length herein.

137.     Defendant denies the allegations set forth in Paragraph "137" of Plaintiff's Complaint.

138.     The allegations set forth in Paragraph "138" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "138" of Plaintiff's Complaint.

139.     Defendant denies the allegations set forth in Paragraph "139" of Plaintiff's Complaint.

140.     Defendant denies the allegations set forth in Paragraph "140" of Plaintiff's Complaint.

141.     Defendant denies the allegations set forth in Paragraph "141" of Plaintiff's Complaint.

142.     Defendant denies the allegations set forth in Paragraph "142" of Plaintiff's Complaint.

## AS TO "ELEVENTH CAUSE OF ACTION

**<u>Breach of Contract"</u>**

143.     Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "142" of Plaintiff's Complaint, as if set forth at length herein.

144.     Defendant denies the allegations set forth in Paragraph "144" of Plaintiff's Complaint.

145.     Defendant denies the allegations set forth in Paragraph "145" of Plaintiff's Complaint.

146.     Defendant denies the allegations set forth in Paragraph "146" of Plaintiff's Complaint.

<u>AS TO "REQUEST FOR RELIEF"</u>

147.     Defendant denies the allegations set forth in Plaintiff's "Request for Relief," including specifically subparagraphs "A." through "O.".

<u>AS FOR DEFENDANT'S AFFIRMATIVE DEFENSES</u>

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. Defendant reserves the right to assert additional defenses or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

<u>AS AND FOR A FIRST DEFENSE</u>

Plaintiff fails to state a claim upon which relief may be granted, either on her behalf or on behalf of those persons whom she purports to represent.

<u>AS AND FOR A SECOND DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A THIRD DEFENSE

This case may not be maintained as a class action because Plaintiff is not similarly-situated to the other individuals she purports to represent.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A FIFTH DEFENSE

Plaintiff lacks standing to be and is not an adequate representatives of the putative class action and, as such, the Court should not authorize notice to be issued or a class action to be maintained under ERISA.

## AS AND FOR A SIXTH DEFENSE

This case is not appropriate for class action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported class action members.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff is unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A NINTH DEFENSE

Plaintiff cannot establish a willful violation under § 1981 of the Civil Rights Act of 1866 or the NYCHRL.

## AS AND FOR AN TENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## AS AND FOR A ELEVENTH DEFENSE

Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## AS AND FOR A TWELFTH DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant were taken for legitimate, non-discriminatory reasons, and would have been taken regardless of Plaintiff's race (Asian) or alleged disability.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or should be reduced because she has failed to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

## AS AND FOR A SIXTEENTH DEFENSE

Defendant's conduct, even if it occurred, amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

## AS AND FOR AN SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendant and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

## AS AND FOR A EIGHTEENTH DEFENSE

Plaintiff's remedies under ERISA, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

## AS AND FOR A NINETEENTH DEFENSE

Defendant was not a fiduciary under §3(21) of ERISA, 29 U.S.C. §1002(21), with respect to the complained-of conduct.

## AS AND FOR A TWENTIETH DEFENSE

Plaintiff's claims seek relief not authorized by the provisions of ERISA. Plaintiff is limited to only those legal remedies authorized by ERISA, and therefore may not recover relief not authorized by the statute.

## AS AND FOR A TWENTY-FIRST DEFENSE

To the extent Plaintiff's claims related to an employee benefit plan within the meaning of ERISA, ERISA pre-empts any claim, cause of action, or theory or recovery that arises under state law or is not otherwise authorized by the statute.

**WHEREFORE**, Defendant respectfully requests that this Court:

1.      Dismiss the Complaint in its entirety, with prejudice;

2.      Deny each and every demand, claim, and prayer for relief contained therein;

3.      Award Defendant reasonable attorneys' fees and costs incurred in defending

against this meritless action; and

4.      Grant such other and further relief to Defendant as the Court deems just and
proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4000

Dated: October 31, 2016          By:     s/Diane Windholz
       New York, New York                Diane Windholz
                                         *ATTORNEYS FOR DEFENDANT BREAKING*
                                         *GROUND HOUSING DEVELOPMENT FUND*
                                         *CORPORATION, a/k/a COMMON GROUND*
                                         *COMMUNITY HOUSING DEVELOPMENT*
                                         *FUND CORPORATION, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2016 I caused a true and correct copy of the Answer of Defendant Breaking Ground to be served upon Plaintiff through her counsels of record at the following address, via ECF and email:

Walker G. Harman, Jr.
Edgar M. Rivera
The Harman Firm, LLP
220 Fifth Avenue, Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com


s/Courtney Roach
Courtney Roach


4822-6294-4568, v. 5