UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:  Counseled Employment Discrimination Cases
        Assigned to Mediation by Automatic Referral

Second Amended Standing
Administrative Order
M10-468

-------------------------------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

    This Court's Standing Administrative Order of May 24, 2015, requires all counseled employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., to be automatically referred to the Southern District of New York's Alternative Dispute Resolution program of mediation upon the filing of an Answer. Effective November 2, 2015, unless otherwise ordered by the judge in the particular case, within 30 days of the filing of an Answer in such cases, the parties must produce the information specified in the Pilot Discovery Protocols for Counseled Employment Cases ("Discovery Protocols"), attached as Exhibit A. Within 60 days of the filing of an Answer, or as soon thereafter as it can be scheduled, the parties and their counsel must participate in a mediation session.

    The Discovery Protocols require the early exchange of targeted, core discovery, and are intended to frame issues for resolution through mediation and to assist the parties in planning for additional discovery in the event the case is not promptly resolved through mediation. If any party believes that there is good cause why a particular case should be exempted from the Discovery Protocols, in whole or in part, or from mediation, that party must raise the issue promptly with the Court.

    The Discovery Protocols do not modify any party's rights under the Federal Rules of Civil Procedure or the Local Civil Rules, but they do supersede the parties' obligations under Fed. R. Civ. P. 26(a)(1). The Protective Order attached as Exhibit B is deemed issued in all cases governed by this Standing Order. All documents and information produced under the Discovery Protocols will be deemed part of discovery under the Federal Rules of Civil Procedure. The parties' responses to the Discovery Protocols are subject to Fed. R. Civ. P. 26(e) regarding supplementation, Fed. R. Civ. P. 26(g) regarding certification of responses, and Fed. R. Civ. P. 34(b)(2)(E) regarding the form of production for documents and electronically stored information.

SO ORDERED:
DATED:   New York, New York
         October 1, 2015

_____
LORETTA A. PRESKA
Chief United States District Judge

# Exhibit A

## PILOT DISCOVERY PROTOCOLS
## FOR COUNSELED EMPLOYMENT CASES

The use of the term "documents" below includes electronically stored information ("ESI").

**(1) Documents that the plaintiff must produce to the defendant.**

a. The plaintiff's employment contract.

b. If the claims in this lawsuit include a failure to hire or a failure to promote, the plaintiff's application for the position and any documents the plaintiff sent or received concerning the defendant's decision.

c. If the claims in this lawsuit include the wrongful termination of employment, any documents the plaintiff sent or received concerning the defendant's decision.

d. If the claims in this lawsuit include a failure to accommodate a disability, any requests for accommodation and responses to such requests.

e. If the plaintiff's employment was terminated, any documents demonstrating the plaintiff's efforts to obtain other employment. The defendant shall not contact or subpoena a prospective or current employer absent agreement or leave of court.

f. Any application for disability benefits or unemployment benefits after the alleged adverse action and documents sufficient to show any award.

**(2) Information that the plaintiff must produce to the defendant.**

a. If the plaintiff is relying on any oral comments that the plaintiff alleges were discriminatory or on any instances of harassment, identify the speaker or actor, the comment or action, and any witnesses to the comments or harassment.

b. A description of the categories and amounts of damages for the plaintiff's claims.

**(3) Documents that the defendant must produce to the plaintiff.**

a. The plaintiff's employment contract, job description, and documents sufficient to show plaintiff's compensation and benefits.

b. The plaintiff's personnel file.

c. For the most recent 5 years of employment, plaintiff's performance reviews and the file

created for any disciplinary actions taken against the plaintiff.

d. Any documents sent by the defendant to a government agency in response to government agency claims filed by the plaintiff in which the plaintiff relied on any of the same factual allegations as those in this lawsuit.

e. If the claims in this lawsuit include a failure to hire or a failure to promote, the plaintiff's application and any documents the defendant created that record the reasons the defendant rejected the plaintiff's application.

f. If the claims in this lawsuit include the wrongful termination of employment, any documents the defendant sent to or received from the plaintiff regarding the termination, and any documents that record the reasons for the termination decision.

g. If the claims in this lawsuit include a failure to accommodate a disability, any written requests for accommodation, written responses to such requests, and documents that record the reasons for rejection of a requested accommodation.

h. Written workplace policies relevant to the alleged adverse action.

**(4) Information that the defendant must produce to the plaintiff.**

Information concerning the ability to pay, including insurance coverage, if relevant to the mediation.

# Exhibit B

## **PROTECTIVE ORDER**

WHEREAS, on October 1, 2015, the Court issued the Second Amended Standing Administrative Order 11 Misc. 003 for the mediation of certain counseled employment cases;

WHEREAS, the Order requires the parties to exchange certain documents and information within 30 days of the filing of an Answer;

WHEREAS, the parties seek to ensure that the confidentiality of these documents and information remains protected; and

WHEREAS, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties pursuant to the Discovery Protocol:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

## Agreement

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)